Matteson, J.
 

 This is an action of the case to recover damages for injuries sustained by the plaintiff, by reason of the alleged neglect of the city of Providence to keep one of its streets, namely, Cranston Street, in repair, so as to be safe and convenient for travellers. It was admitted at the trial that Cranston Street was a public highway, and evidence was submitted, showing or tending to show, among other facts, the following: January 1, 1877, in the afternoon, the plaintiff was riding along Cranston Street, towards Cranston, in a sleigh driven by her grandson, then eighteen years of age. In the middle of the street was a horse railroad track, on each side of which there was a ridge of ice or frozen snow, formed of snow thrown off the track by the large snow plough of the railroad company, and by the small ploughs upon their cars. Between these ridges and the sidewalks on each side of the street were tracks wide enough for one sleigh. On that portion of Cranston Street crossed by Dexter Street the ridges of snow along the railroad track had either been dug away by some one or worn away by vehicles passing along Dexter Street, or from it on to Cranston Street, so that the surface of the snow and ice suddenly sloped
 
 *459
 
 towards the railroad track, the highest part of the slope being about ten inches above the rail. The plaintiff’s sleigh was passing up the street on the right-hand side. She was sitting on the left side of the sleigh, and the driver on the right. As they approached Dexter Street the driver observed that the path on that side of the street from Dexter Street westerly to Parade Street was obstructed, so as to be impassable, by blocks and pieces of ice dug up by workmen in the gutter, and thrown into the street. To avoid this obstruction the driver fixed upon a favorable point for crossing the street, but before reaching it the left runner of the sleigh suddenly slid down the slope mentioned, caught upon the track, and the sleigh began to tip. To prevent the sleigh from being overturned the driver turned shortly to the left,' but as it crossed the track the sleigh went over, and the plaintiff was thrown out and received the injuries for which she sues.
 

 The defendant moved for a nonsuit, because it did not appear that notice of the existence of the obstruction had been given to the proper officers of the city, as required by Gen. Stat. R. I. cap. 60, § 15, which provides that “ the several towns shall provide by law in such manner and under such penalties as they may deem expedient, for removing snow from the public highways, so as to render the same passable with teams, sleds, and sleighs ; but nothing in this chapter contained shall be construed to render any town or city liable for any injury to person or property caused by snow or ice obstructing any or any part of the highways therein, unless notice of the existence of the particular obstruction shall have been given to the surveyor of highways, in writing, for at least twenty-four hours before the injury was caused, and such town or surveyor shall not thereupon within said time have commenced the removal of such obstruction, or caused any sidewalk which may have been obstructed by ice to be rendered passable, by spreading ashes or other like substances thereon.” The court granted the motion, and the plaintiff, having excepted, now petitions that the nonsuit be set aside and a new trial granted.
 

 The plaintiff contends that the notice required by the statute applies only to obstructions by snow and ice produced by natural causes, and not to such obstructions created by artificial causes.
 

 
 *460
 

 Charles Hart JSdwin Metcalf
 
 ', for plaintiff.
 

 Nicholas Van
 
 Slyclc, City Solicitor of the city of Providence, ¿f
 
 Francis W.
 
 Miner, for defendant.
 

 We see no reason for giving the statute this narrow construction. It not only contains no limitation in terms, but the language is as broad and general as could be used, and applicable alike to all obstructions by snow and ice, however occasioned.
 

 Obstructions by snow and ice are, perhaps, as often due to artificial, as to natural causes. The surveyor of highways of a town, or the highway commissioners of a city, would be no more likely to know of the existence of the former than the latter, and could no more easily prevent or remove them. There is, therefore, no reason why a town or city should be held liable upon less notice, for the existence of obstructions by snow and ice due to artificial causes which it has had no agency in creating, than for those arising from natural causes. If the obstruction which caused the injury had been occasioned by the act of the city the case would present a very different question.
 

 We think that the nonsuit was properly granted, and that the petition for a new trial should be denied.
 

 Petition dismissed.